UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-676 |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, and TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JOSEPH THOMPSON ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, INC., and TRANS UNION, LLC ("Experian", "Equifax", and "TransUnion" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

**JURISDICTION AND VENUE**

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., as well as pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District.

1

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Edgewood, Maryland.

5. Defendant Experian is a credit reporting agency that does business in Cook County, Illinois and has a principal place of business located in Allen, Texas.

6. Defendant Equifax is a credit reporting agency that does business in Cook County, Illinois, and has a principal place of business located in Atlanta, Georgia.

7. Defendant TransUnion is a credit reporting agency that does business in Cook County Illinois, and has a principal place of business located in Chicago, Illinois.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA.

9. At all relevant times, each Defendant was a "person" as that term is defined by the FCRA.

10. At all relevant times each Defendant was a "consumer reporting agency" as that term is defined by the FCRA.

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS AS TO DEFENDANT EXPERIAN

12. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

13. On or about September 22, 2017, Plaintiff sent a letter to Defendant Experian informing it of the inaccurate reporting of the trade-line that originated from a student loan.

14. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Navient Solutions, LLC ("Navient").

15. Plaintiff requested that Defendant Experian correct the inaccuracy and provided evidence showing the inaccuracy of the trade-line.

16. Plaintiff's letter explained that Plaintiff's account with Navient includes a significantly incorrect recent balance and provided ample evidence to support Plaintiff's contention.

17. Plaintiff's letter explained, and Plaintiff provided documentation in support thereof, that in July 2017, a balance credit in the amount of $15,000 as payment toward these loans should have been applied to the Navient account ending in 4889.

18. Plaintiff's letter explained, and Plaintiff provided documentation in support thereof that Plaintiff's credit report does not reflect the aforementioned credit, which is erroneously included the reported recent balance allegedly owed to Navient.

### FACTUAL ALLEGATIONS AS TO DEFENDANT EQUIFAX

19. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

20. On or about September 22, 2017, Plaintiff sent a letter to Defendant Equifax informing it of the inaccurate reporting of the trade-line that originated from a student loan.

21. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Navient Solutions, LLC ("Navient").

22. Plaintiff requested that Defendant Equifax correct the inaccuracy and provided evidence showing the inaccuracy of the trade-line.

23. Plaintiff's letter explained that Plaintiff's account with Navient includes a significantly incorrect recent balance and provided ample evidence to support Plaintiff's contention.

24. Plaintiff's letter explained, and Plaintiff provided documentation in support thereof, that in July 2017, a balance credit in the amount of $15,000 as payment toward these loans should have been applied to the Navient account ending in 4889.

25. Plaintiff's letter explained, and Plaintiff provided documentation in support thereof that

Plaintiff's credit report does not reflect the aforementioned credit, which is erroneously included the reported recent balance allegedly owed to Navient.

### FACTUAL ALLEGATIONS AS TO DEFENDANT TRANSUNION

26. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

27. On or about September 22, 2017, Plaintiff sent a letter to Defendant TransUnion informing it of the inaccurate reporting of the trade-line that originated from a student loan.

28. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Navient Solutions, LLC ("Navient").

29. Plaintiff requested that Defendant TransUnion correct the inaccuracy and provided evidence showing the inaccuracy of the trade-line.

30. Plaintiff's letter explained that Plaintiff's account with Navient includes a significantly incorrect recent balance and provided ample evidence to support Plaintiff's contention.

31. Plaintiff's letter explained, and Plaintiff provided documentation in support thereof, that in July 2017, a balance credit in the amount of $15,000 as payment toward these loans should have been applied to the Navient account ending in 4889.

32. Plaintiff's letter explained, and Plaintiff provided documentation in support thereof that Plaintiff's credit report does not reflect the aforementioned credit, which is erroneously included the reported recent balance allegedly owed to Navient.

### FACTUAL ALLEGATIONS AS TO ALL DEFENDANTS

33. Defendants have been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various consumer reporting agencies, as that term is defined by 15 U.S.C. § 1681a(f).

34. Defendants are aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

35. Despite all of the foregoing factual allegations, Defendants have disseminated information stating that Plaintiff is liable for a significant portion of the reported debt, of which he is not liable.

36. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

37. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

38. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

39. As a result of the Defendants' acts and/or omissions Plaintiff has suffered concrete, particularized real harm, including but not limited to, the time, expense, and frustration of communicating with the Defendants to correct the inaccurate information on his credit report.

40. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

41. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## COUNT I
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. Defendant Experian violated 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the FCRA by engaging in the following conduct that fails to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i:

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to other entities despite knowing that said information was inaccurate; and

   d. Willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681.

WHEREFORE, Plaintiff, JOSEPH THOMPSON, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

44. Defendant Equifax violated 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the FCRA by engaging in the following conduct that fails to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i:

a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to other entities despite knowing that said information was inaccurate; and

d. Willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681.

WHEREFORE, Plaintiff, JOSEPH THOMPSON, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT TRANSUNION VIOLATED THE FAIR CREDIT REPORTING ACT

45. Defendant TransUnion violated 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the FCRA by engaging in the following conduct that fails to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i:

a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to other entities despite knowing that said information was inaccurate; and

d. Willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681.

WHEREFORE, Plaintiff, JOSEPH THOMPSON, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ Taylor L. Kosla
Taylor L. Kosla, ARDC No. 6327180
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
312-224-4695 – office
312-253-4451 – facsimile
taylor@agrusslawfirm.com
Attorney for Plaintiff